UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LILIANA CORONADO TORRES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAYANA CORONADO-TORRES AND JOSE RIGOBERTO ARIAS<br>　　Plaintiffs, | § § § § § § § | |
| v. | § § | CIVIL ACTION NO. 7:15-cv-00444 |
| IMPERIAL MANUFACTORY LIMITED, TSUEN LEE METALS & PLASTIC TOYS COMPANY LIMITED, ALSO KNOWN AS TSUEN LEE METALS & PLASTIC TOYS CO., LTD., FISHER-PRICE, INC. AND MATTEL, INC.<br>　　Defendants. | § § § § § § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1332, defendant Tsuen Lee Metals & Plastic Toys Company Limited ("Tsuen Lee") hereby removes this action based on diversity jurisdiction from the 92nd Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, with the consent of all served co-defendants. Tsuen Lee respectfully states to this Court as follows.

### I. INTRODUCTION

1. On July 21, 2015, Plaintiffs Liliana Coronado Torres, Individually and as Representative of the Estate of Dayana Coronado-Torres and Jose Rigoberto Arias (collectively "Plaintiffs") commenced a civil action in the 92nd Judicial District Court of Hidalgo County, Texas, Cause No. C-3118-15-A, against Defendants Tsuen Lee, Imperial Manufactory Limited ("Imperial"), Fisher-Price, Inc. ("Fisher-Price"), and Mattel, Inc. ("Mattel"). Plaintiffs

demanded a jury trial in their Original Petition ("Petition").  Plaintiffs served Tsuen Lee with a citation and a copy of the Petition on October 5, 2015.[1]

2.      For the reasons described in greater detail below, this Court has jurisdiction over the state-court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is between citizens of different states.

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

3.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days of October 5, 2015, the date on which Tsuen Lee was served.[2]  All defendants who have been properly served consent to this removal.  *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150-51 (11th Cir. 2009); *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004).  Defendant Imperial is filing a consent to this removal.  Mattel and Fisher-Price have not yet been served.  *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *see Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004).

4.      The United States District Court for the Southern District of Texas, McAllen Division, embraces the county in which the state court action is now pending.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(b)(2) and 144l(a).

---

[1] "A defendant's removal to federal court does not waive to object to service of process." *City of Clarksdale v. Bellsouth Telecomms Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)).

[2] The 30-day period for removal begins on the date the defendant actually receives the process. *E.g., Barrackman v. Banister,* No. C.A. H-06-3622, 2007 WL 189378, at* 1 (S.D. Tex. Jan. 22, 2007) (Rosenthal, J.) (collecting cases); *Partners in Funding Inc. v. Quest Capital Res., LLC,* No. H-05-0729, 2007 WL 471128, at *2 (S.D. Tex. Feb. 8, 2007) (Harmon, J.) (collecting cases); *Monterey Mushrooms, Inc. v. Hall,* 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) (Lake, J.).

5. Pursuant to 28 U.S.C. § 1446(d), Tsuen Lee is simultaneously filing a written notice of this removal with the district clerk of the state court where the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d), and upon all known counsel of record in this action.

6. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Tsuen Lee attaches the following documents as exhibits to this removal:

> Exhibit A:   All executed process in this case;
> Exhibit B:   Pleadings asserting causes of action;
> Exhibit C:   All orders signed by the state judge;
> Exhibit D:   The docket sheet;
> Exhibit E:   An index of documents being filed; and
> Exhibit F:   A list of all counsel of record, including addresses, telephone numbers and parties represented.

### III.   REMOVAL IS PROPER

7. This Court has original subject-matter jurisdiction over this suit under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and it is a civil action between citizens of different states. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

**A.   The amount in controversy exceeds $75,000.00**

8. It is apparent from the face of the Petition that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Among other things, Plaintiff alleges that they are seeking monetary relief over $1,000,000. (Pet. ¶ 21.)

**B.   Tsuen Lee and Imperial were improperly joined.**

9. There is complete diversity between Plaintiffs and Defendants Fisher-Price and

Mattel. The foreign defendants, Tsuen Lee and Imperial, were improperly joined to defeat diversity jurisdiction.

10.     Plaintiffs were at the time this suit was commenced and at the time of removal citizens of Mexico. (Pet. ¶¶ 2-3.)

11.     Both Imperial and Tsuen Lee were at the time this suit was commenced, and still are, limited liability companies incorporated in Hong Kong with their principal places of business in Hong Kong. Thus, Imperial and Tsuen Lee are citizens of China. The citizenship of the remaining named defendants, Fisher-Price and Mattel, is determined by their place of incorporation (Delaware) and their principal places of business (New York and California, respectively). As set forth in greater detail below Tsuen Lee and Imperial were improperly joined to defeat diversity jurisdiction.

**C.     Diversity is not destroyed by Plaintiffs' claims against Foreign Defendants.**

12.     Although the presence of aliens on both sides of a lawsuit would destroy diversity, Plaintiffs' claims against Tsuen Lee and Imperial do not, because a Texas court cannot exercise personal jurisdiction over the foreign defendants. *See Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1153 (5h Cir. 1985); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, n. 2, 119 S. Ct. 1563, 1567 n. 2 (1999). Removal of a case brought by an alien plaintiff against U.S. and foreign corporate defendants is proper if the Court does not have proper personal jurisdiction over the foreign defendants. *See Barreiro v. Model Power Intern. Corp.*, 209 F.3d 719 (5th Cir. 2000).

13.     When a defendant removes a case based on diversity of citizenship and alleges that complete diversity exists because the court cannot exercise personal jurisdiction over foreign defendants, a court "must necessarily address the personal jurisdiction question regardless of

[whether it decides a motion to remand or motion to dismiss for lack of personal jurisdiction] first." *Villar v. Crowley Mar. Corp.*, 780 F. Supp. 1467, 1474 (S.D. Tex. 1992), aff'd, 990 F.2d 1489 (5th Cir. 1993).

> **1.  Tsuen Lee and Imperial are not subject to personal jurisdiction in Texas.**

14. Texas courts cannot exercise personal jurisdiction over Defendants Tsuen Lee and Imperial; both are Chinese corporations organized under the laws of Hong Kong with their principal places of business in Hong Kong. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041–17.045; *Kelly v. Syria Shell Petroleum Development B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

> **a.  Plaintiff cannot establish Tsuen Lee and Imperial are subject to general jurisdiction in Texas.**

15. Where a plaintiff's claims do not arise out of the defendant's contacts with the forum state, a plaintiff must show that a defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A.* v. Hall, 466 U.S. 408, 415-16 (1984). Generally, this is a difficult test to meet and requires a showing of "substantial activities in the forum state." *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992).

16. As will be set out in more detail in Tsuen Lee's motion to dismiss, Tsuen Lee and Imperial do not have any contacts in Texas, much less contact that could be considered continuous or systematic. Tsuen Lee and Imperial do not operate their businesses in Texas, do not provide services in Texas, do not sell any products in Texas or to Texas consumers or businesses, and do not have any employees in Texas. Tsuen Lee and Imperial are Chinese companies, based in Hong Kong with no connections with the State of Texas, and thus are not subject to personal jurisdiction by courts in Texas.

### b. Plaintiff cannot establish Tsuen Lee and Imperial are subject to specific jurisdiction in Texas.

17. Specific jurisdiction exists "[w]hen a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." C*ent. Freight Lines, Inc*., 322 F.3d 381. "The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir.2010) (citing *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

18. The Fifth Circuit follows the so-called "stream-of-commerce" theory set forth in *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). *See Choice Healthcare, Inc., v. Kaiser Foundation Health Plan of Colo*., 615 F.3d 364, 373 and n. 7 (5th Cir.2010). The theory allows the exercise of personal jurisdiction over a nonresident defendant that "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *World–Wide Volkswagen*, 444 U.S. at 298. In the products liability context the theory requires foreseeability and "not the mere likelihood that a product will find its way into the forum State." *Id*. at 297. Further, the product must reach the forum state while still in the stream of commerce. *Luv N' Care, Ltd. v. Insta–Mix, Inc*., 438 F.3d 465, 470 (5th Cir.2006), cert. denied, 548 U.S. 904, 126 S. Ct. 2968, 165 L.Ed.2d 951 (2006).

19. As will be set out in further detail in motions to dismiss, Tsuen Lee and Imperial do not have sufficient contacts or connection with Texas to establish specific jurisdiction. Tsuen Lee and Imperial were independent contract manufacturers for Fisher-Price and/or Mattel. Tsuen Lee and Imperial performed no design or marketing functions for any Fisher-Price and/or Mattel products. At all times, Tsuen Lee and Imperial had no right, title, and interest in designs, materials, specifications, tooling, and intellectual property relating to any Fisher-Price and/or

Mattel products.  The entirety of Tsuen Lee and Imperial services took place in Hong Kong.

**D.    Defendants Tsuen Lee and Imperial were improperly joined because there is no possibility that Plaintiffs can establish a cause of action against them.**

20. A defendant is improperly joined if there is no possibility of recovery by the plaintiff, meaning that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant.  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one."  *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (emphasis in original) (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)).  "The focus is on plaintiff's pleadings at the time of removal[.]" *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344 (5th Cir. 2013) (per curiam) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

21. The Petition alleges four causes of action: design defect, marketing defect, negligence (design/marketing), and express/implied warranty.  (Pet. ¶¶ 13-17.)

22. There is no possibility that Plaintiffs will be able to recover under any of those causes of action against Tsuen Lee and Imperial.  In this case, the improper joinder is apparent on the face of the Petition.  As a result, a Rule 12(b)(6)-type analysis, which looks "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant" is sufficient. *Smallwood*, 385 F.3d at 573.

**1.    Plaintiffs cannot recover against Tsuen Lee and Imperial because the court cannot exercise personal jurisdiction against the foreign defendants.**

23. As discussed in above, this Court cannot properly exercise personal jurisdiction over the foreign defendants in this action, Tsuen Lee and Imperial.  Accordingly, there is no possibility that Plaintiffs will be able to recover under any of their causes of action against Tsuen

7

Lee and Imperial. Because of this, Tsuen Lee and Imperial were improperly joined.

> **2. Plaintiffs fail to state a claim against Tsuen Lee or Imperial because they cannot establish a products liability or negligence cause of action for design and marketing defects against entities that did not design or market the product.**

24. The petition alleges products liability and negligence claims based on design and marketing defects against Tsuen Lee and Imperial. However, Tsuen Lee and Imperial did not participate in the design or marketing of the product at issue. Therefore, Plaintiffs cannot establish a cause of action for design and marketing defects against these defendants.

25. Under Texas strict liability and negligence law, a manufacturer that did not take part in the design of the final product, but merely supplies parts in accordance with a purchaser's specifications, is free from liability if the part it supplied is not defective. *See Bostrom Seating, Inc. v. Crane Carrier Co.*, 140 S.W.3d 681, 683 (Tex. 2004); *Ranger Conveying & Supply Co. v. Davis*, 254 S.W.3d 471 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

26. As will be set out in more detail in the motion to dismiss, Tsuen Lee and Imperial only supplied services to assist in the manufacturing of various Fisher-Price and/or Mattel products. Manufacturing defects are not at issue in this case. At all times, Tsuen Lee and Imperial had no right, title, and interest in designs, materials, specifications, tooling, and intellectual property relating to any Fisher-Price and/or Mattel products. The design and specifications for the construction of the products were provided to Tsuen Lee and Imperial, and were not created by Tsuen Lee and Imperial. Thus, Tsuen Lee and Imperial had no involvement in the design of the product. Likewise, Tsuen Lee and Imperial had no involvement in the marketing of the Rock N Play Sleeper.

27. Accordingly, Tsuen Lee and Imperial cannot be liable to Plaintiffs in strict liability or negligence for the alleged design and marketing defects in the Rock N Play Sleeper.

As a matter of law, Plaintiffs strict liability claims for design and marketing defects, as well as Plaintiffs' negligence claims based on design and marketing defects, cannot lie against two foreign companies who were uninvolved in the design and marketing of the product at issue.

> **3. Plaintiffs fail to state a claim against Tsuen Lee or Imperial because they do not and cannot establish a warranty cause of action for breach of express and implied warranties against entities that did not design or market the product at issue.**

28. The elements of a cause of action for breach of express warranty are (1) the defendant-seller made an express affirmation of fact or promise relating to the goods; (2) that affirmation or promise became part of the bargain; (3) the plaintiff relied upon that affirmation or promise; (4) the goods did not comply with the affirmation or promise; (5) the plaintiff was damaged by the noncompliance; and (6) the failure of the product to comply was the proximate cause of the plaintiff's injury. *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 830 F.Supp.2d 235, 255 (S.D.Tex.2011), superseded in part on other grounds, 896 F.Supp.2d 582 (S.D.Tex.2012). To prevail on a breach of express warranty claim the plaintiff must demonstrate that he relied upon the warranty. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436 (Tex.1997). An implied warranty is a representation about the implied quality or suitability of a product that the law implies and imports into a contract, "in view of all facts and circumstances attending the transaction, including the nature of the property, terms of the agreement, and trade usages." *American Tobacco,* 951 S.W.2d at 435.

29. As referenced above, Tsuen Lee and Imperial's relationship with Fisher-Price and/or Mattel is such that Tsuen Lee and Imperial were not sellers and made no warranties, either express or implied.

## IV. CONCLUSION

30. Defendants Tsuen Lee and Imperial pray that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court in accordance with the above law.

      Respectfully submitted,

      SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP

      By: */s/ Andrew C. Schirrmeister*
       Andrew C. Schirrmeister, III
       State Bar No. 17750650
       S.D. Texas Federal I.D. No. 5546
       Pennzoil Place ~ North Tower
       700 Milam Street, 10th Floor
       Houston, Texas  77002
       Telephone:  (713) 221-2500
       Facsimile:   (713) 228-3510
       Email: acs@sdablaw.com

      ATTORNEY-IN-CHARGE FOR DEFENDANT TSUEN LEE METALS & PLASTIC TOYS COMPANY LIMITED

OF COUNSEL:

William W. Russell
State Bar No. 00794573
S.D. Texas Federal I.D. No. 200426
Schirrmeister Diaz-Arrastia Brem LLP
Pennzoil Place ~ North Tower
700 Milam Street, 10th Floor
Houston, Texas 77002
Telephone: (713) 221-2500
Facsimile:  (713) 228-3810
Email:  wrussell@sdablaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that on this 23rd day of October, 2015, a true and correct copy of the foregoing document was served via the Court's CM/ECF electronic filing system to all known counsel of record including the following:

Mr. Joe Escobedo, Jr.
Mr. Luis M. Cardenas
ESCOBEDO & CARDENAS, LLP
3700 N. 10th Street, Suite 210
McAllen, Texas  78501

ATTORNEYS FOR PLAINTIFFS

*/s/ Andrew C. Schirrmeister*
Andrew C. Schirrmeister III