UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LILIANA CORONADO TORRES, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DAYANA CORONADO-TORRES AND JOSE RIGOBERTO ARIAS<br>　　　Plaintiffs, | § § § § § § § | |
| v. | § § | CIVIL ACTION NO. 7:15-cv-00444 |
| IMPERIAL MANUFACTORY LIMITED, TSUEN LEE METALS & PLASTIC TOYS COMPANY LIMITED, ALSO KNOWN AS TSUEN LEE METALS & PLASTIC TOYS CO., LTD., FISHER-PRICE, INC. AND MATTEL, INC.<br>　　　Defendants. | § § § § § § § | |

**DEFENDANT FISHER-PRICE'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Fisher-Price, Inc. ("Fisher-Price") respectfully files its answer and affirmative defenses, and would show the Court as follows:

**ANSWER**

1.　Paragraph 1 of Plaintiffs' Original Petition contains legal conclusions to which no response is required of Fisher-Price.

**I.　Parties**

2.　Paragraph 2 of Plaintiffs' Original Petition contains allegations about plaintiffs which Fisher-Price lacks information sufficient to admit or deny.

3.　Paragraph 3 of Plaintiffs' Original Petition contains allegations about plaintiffs which Fisher-Price lacks information sufficient to admit or deny.

4.　Fisher-Price admits Imperial is a non-resident foreign corporation which does not

00200813.DOC; 2

maintain a regular place of business in Texas.  Fisher-Price denies that Plaintiffs' claims are "the result of business purposefully done in Texas by Imperial and are the result of a tort committed, in whole or in part, in Texas by Imperial."  Pl. Pet. at ¶4.  Fisher-Price lacks information sufficient to admit or deny the remaining allegations in paragraph 4 of Plaintiffs' Original Petition regarding Defendant Imperial.

5.     Fisher-Price admits Tsuen Lee is a non-resident foreign corporation which does not maintain a regular place of business in Texas.  Fisher-Price denies that Plaintiffs' claims are "the result of business purposefully done in Texas by . . . [Tsuen Lee] and are the result of a tort committed, in whole or in part, in Texas by Tsuen Lee."  Pl. Pet. at ¶5.  Fisher-Price lacks information sufficient to admit or deny the remaining allegations in paragraph 5 of Plaintiffs' Original Petition regarding Defendant Tsuen Lee.

6.     Paragraph 6 of Plaintiffs' Original Petition contains legal conclusions to which no response is required of Fisher-Price.  Fisher-Price admits that it is a Delaware corporation with its principal place of business in New York.  Fisher-Price admits it does not maintain a regular place of business in Texas and does not have a designated agent for service of process in Texas.  Fisher-Price further admits that Fisher-Price products have been sold and used in Texas.  Fisher-Price denies the remaining allegations contained in Paragraph 6.

7.     Fisher-Price admits Mattel is a Delaware corporation with its principal place of business in California.  The remainder of Paragraph 6 of Plaintiffs' Original Petition contains allegations about Defendant Mattel which Fisher-Price lacks information sufficient to admit or deny.

**II.     Venue & Jurisdiction**

8.     Fisher-Price lacks information sufficient to admit or deny the allegations

contained in Paragraph 8 of Plaintiffs' Original Petition.  Fisher-Price does not know whether the alleged death in fact occurred in Hidalgo County.

9.     Fisher-Price denies that the alleged actions of it leading to the Plaintiffs' damages took place in Hidalgo County, Texas.  Fisher-Price admits that the amount in controversy exceeds the minimum jurisdictional limits of this Court.  Fisher-Price lacks information sufficient to admit or deny the remaining allegations contained in Paragraph 9 of Plaintiffs' Original Petition.  Fisher-Price does not know whether the alleged death in fact occurred in Hidalgo County.

10.    Paragraph 10 of Plaintiffs' Original Petition contains legal conclusions to which no response is required of Fisher-Price.  Paragraph 10 also contains allegations about other parties which Fisher-Price lacks information sufficient to admit or deny.  As to it, Fisher-Price denies the allegations contained in paragraph 10.

11.    Paragraph 11 of Plaintiffs' Original Petition contains legal conclusions to which no response is required of Fisher-Price.  Paragraph 11 also contains allegations about other parties which Fisher-Price lacks information sufficient to admit or deny.

### III.    Factual Allegations

12.    Fisher-Price lacks sufficient information to admit or deny the allegations in Paragraph 12 of Plaintiffs' Original Petition regarding the death of Dayana Coronado Torres and regarding activities of other parties.  Fisher-Price denies the allegations in Paragraph 12 claiming the subject sleeper was an unsafe sleep environment.  Fisher-Price further denies the allegations in Paragraph 12 claiming the subject sleeper is manufactured by Tsuen Lee and that it is marketed and sold in the United States by Mattel.  Fisher-Price admits that Imperial has certain limited involvement in the manufacture of Fisher-Price Rock N Play Sleepers through Imperial's

Master Manufacturing and Services Agreement with Mattel Asia Pacific Sourcing Ltd.  Fisher-Price denies the remaining allegations in paragraph 12 as to it.

13. Fisher-Price denies all of the allegations in paragraph 13 of Plaintiffs' Original Petition, including sub-paragraphs (a) and (b).

14. Fisher-Price denies all of the allegations in paragraph 14 of Plaintiffs' Original Petition, including sub-paragraphs (a) and (b).

15. Fisher-Price denies all of the allegations in paragraph 15 of Plaintiffs' Original Petition.

16. Fisher-Price denies all of the allegations in paragraph 16 of Plaintiffs' Original Petition.

17. Fisher-Price denies all of the allegations in paragraph 17 of Plaintiffs' Original Petition.

**IV.  Damages**

18. Fisher-Price denies all of the allegations in paragraph 18 of Plaintiffs' Original Petition.

19. Fisher-Price denies all of the allegations in paragraph 19 of Plaintiffs' Original Petition.

20. Fisher-Price denies all of the allegations in paragraph 20 of Plaintiffs' Original Petition.

21. Fisher-Price denies Plaintiffs are entitled to any monetary relief under Texas law.

**V.  Jury Demand**

22. Fisher-Price is unable to admit or deny the information contained in Paragraph 22 of Plaintiff's Original Petition however Fisher-Price does not object to a trial by jury in this

matter and admits that Plaintiffs have made a jury demand.

## AFFIRMATIVE DEFENSES

23. Fisher-Price denies that Dayana Coronado Torres died as the result of any product manufactured by it, and further states that the death of Dayana Coronado Torres was in no way caused or brought about by any conduct of Fisher-Price, but instead was caused by medical or health-related issues or the acts and omissions of third persons.

24. Fisher-Price would show that it was not negligent and did not breach any legal duty owed to the Plaintiffs in any manner which caused or contributed to the damages alleged by Plaintiffs.

25. At all times material to Plaintiffs' claims, the state of medical and scientific knowledge did not give Fisher-Price knowledge or reason to know of a foreseeable risk of harm to Dayana Coronado Torres.

26. Plaintiffs failed to give proper pre-suit notice of any warranty claim, as required by law.

27. Fisher-Price asserts that Mexican law applies to all of Plaintiffs' claims in this lawsuit and that Mexican law bars Plaintiffs' claims and damages.

28. Plaintiffs' claims are barred by the applicable statutes of limitations under Mexican law.

29. Plaintiffs' alleged losses and/or damages, if any, were caused solely by the act or acts and/or conduct of a party or parties of whom Fisher-Price had no control, and such acts were the proximate and/or sole proximate, and/or producing and/or sole producing, cause of Plaintiffs'

alleged damages, if any.

30. Fisher-Price affirmatively pleads Chapter 33 of the Texas Civil Practices and Remedies Code, and asks the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including Plaintiffs, and accord Fisher-Price full benefit of said laws. Fisher-Price asserts that it is entitled to an offset, credit, or percentage reduction based upon a determination of the relative fault (including contributory negligence) of all persons or tortfeasors, or upon any amount of money paid by any other Defendant(s), person(s) or tortfeasor(s) to Plaintiffs, whether named as Defendant(s) in this cause of action or not.

31. Fisher-Price asserts that Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own negligence, in that Plaintiffs' failure to exercise ordinary care proximately caused, in whole or in part, the harm complained of by the Plaintiffs.

32. Fisher-Price would show further that the harm alleged by Plaintiffs was caused by pre-existing, spontaneous, idiopathic, or subsequent medical or physical conditions, and was not related to or caused by any conduct of Fisher-Price.

33. Since the issues in this lawsuit were not the result of any acts and/or omissions of Fisher-Price, Plaintiffs' alleged losses and/or damages, if any, may be attributable to an act of nature, an act of God, or were otherwise unavoidable.

34. Plaintiffs' claims, if any, are preempted by the Child Safety Protection Act of 1994, regulations of the Consumer Products and Safety Commission, and other applicable federal laws.

35. There was no negligence on the part of Fisher-Price to plaintiffs individually or collectively.

36. Plaintiffs' claims, if any, are barred in whole or in part by Plaintiffs Liliana Coronado Torres's and/or Jose Rigoberto Arias's comparative negligence or contributory negligence.

37. Fisher-Price would show that if Plaintiffs were damaged as alleged, which is not admitted but denied, then Plaintiffs failed to mitigate their alleged damages.

38. Fisher-Price contends that Plaintiffs' alleged damages, if any, were the result of the misuse, alteration, and/or mishandling of the product in question, and that Fisher-Price is not responsible for such misuse, alteration, and/or mishandling.

39. Fisher-Price contends that Plaintiffs' alleged damages, if any, were the result of Plaintiffs Liliana Coronado Torres's and/or Jose Rigoberto Arias's failure to follow warnings and instructions, and that such failure caused or contributed to Plaintiffs' alleged damages, if any

40. Fisher-Price pleads the affirmative defenses of state of the art, sole proximate cause, intervening cause, and contributory negligence.

41. Fisher-Price is not liable for any act that would constitute advocating any legal position, lobbying, or petitioning any state or federal government, any court, any legislative body, any regulatory agency, or any court, under both the First Amendment and the United States Supreme Court's *Noerr-Pennington* doctrine. *See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127, 139, 145 (1961) (holding that parties have an absolute right to inform their representatives in government of their desires with respect to the passage or enforcement of laws, and further, that it is not illegal for parties to seek action on laws, even where goal is to gain advantage to themselves and disadvantage to their competitors). The *Noerr-Pennington* doctrine provides Fisher-Price a defense against any effort to hold it

liable, whether directly or indirectly, as a result of its lobbying, petitioning, advocacy, or litigation activities.

42. Fisher-Price is presumed not liable for any injury to Plaintiffs because its products' labelling and design complied with mandatory safety standards or regulations adopted and promulgated by the federal government or an agency of the federal government that were applicable to the products at the time of manufacture and that governed the product risk that allegedly caused the harm. Tex. Civ. Prac. & Rem. Code § 82.008(a).

43. Plaintiffs' recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Dayana Coronado Torres. Tex. Civ. Prac. & Rem. Code § 41.0105.

44. Fisher-Price affirmatively pleads the requirements set forth in Section 18.091 of the Texas Civil Practices and Remedies Code and requests that to the extent Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Fisher-Price further requests pursuant to Section 18.091(b) that the Court instruct the Jury as to whether any recoveries for compensatory damages sought by Plaintiffs are subject to federal or state income taxes.

45. Fisher-Price is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statutes of any applicable states, or any other applicable state or federal law.

46. Fisher-Price reserves the right to amend this pleading to assert additional defenses upon discovery of specific facts upon which plaintiffs base their claim for relief, and upon

completion of further discovery.

## **PRAYER**

47. Defendant Fisher-Price prays that, upon final trial and hearing hereof, it has judgment in accordance with the law and the facts, that judgment be entered in favor of Fisher-Price and against Plaintiffs as to all claims asserted by Plaintiffs herein, that Plaintiffs take nothing against Fisher-Price, and for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP

By: */s/ Andrew C. Schirrmeister*
    Andrew C. Schirrmeister, III
    State Bar No. 17750650
    S.D. Texas Federal I.D. No. 5546
    Pennzoil Place ~ North Tower
    700 Milam Street, 10th Floor
    Houston, Texas  77002
    Telephone:  (713) 221-2500
    Facsimile:   (713) 228-3510
    Email: acs@sdablaw.com

ATTORNEY-IN-CHARGE FOR DEFENDANT
FISHER-PRICE, INC.

OF COUNSEL:

William W. Russell
State Bar No. 00794573
S.D. Texas Federal I.D. No. 200426
wrussell@sdablaw.com
Briana J. Bassler
State Bar No. 24059433
S.D. Texas Federal I.D. No. 980817
bbassler@sdablaw.com
Schirrmeister Diaz-Arrastia Brem LLP
Pennzoil Place ~ North Tower
700 Milam Street, 10th Floor
Houston, Texas 77002
Telephone: (713) 221-2500
Facsimile:  (713) 228-3810

## **CERTIFICATE OF SERVICE**

       This is to certify that on this 2nd day of December, 2015, a true and correct copy of the foregoing document was served via the Court's CM/ECF electronic filing system to all known counsel of record including the following:

Mr. Joe Escobedo, Jr.
Mr. Luis M. Cardenas
ESCOBEDO & CARDENAS, LLP
3700 N. 10th Street, Suite 210
McAllen, Texas  78501

ATTORNEYS FOR PLAINTIFFS

                                              */s/ William W. Russell*
                                              William W. Russell